UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-CV-07169-PD                                   Date: October 9, 2025

Title   <u>Marie Gutierrez v. Affirm, Inc., et al.</u>

Present: The Honorable:   <u>Patricia Donahue, United States Magistrate Judge</u>

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   **Order to Show Cause re: Dismissal for Lack of Prosecution**

On August 4, 2025, Defendant Affirm, Inc. ("Affirm") filed a Notice of Removal to federal court. Dkt. No. 1. In the Notice of Removal, Affirm stated that the state court docket reflected that no other named defendants had been served and therefore did not need to join in the petition for removal. *Id.* at 3. The only other named defendant in this action is Experian Information Solutions, Inc. ("Experian").

On August 8, 2025, the Clerk of the Court issued a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment").[1] The Notice of Assignment states in relevant part that the form declining consent to proceed before the Magistrate Judge "must be received by the Court no later than seven (7) calendar days from the date of

---

[1] Among other things, the Notice of Assignment advises that this case has been assigned to United States Magistrate Judge Patricia Donahue for all purposes and that any party may decline to consent to that assignment according to the schedule set forth for such declination. Dkt. No. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-CV-07169-PD                                           Date: October 9, 2025

Title   <u>Marie Gutierrez v. Affirm, Inc., et al.</u>

issuance by the Clerk's Office or from the date of service of the Form by the initiating party."

On August 20, 2025, Plaintiff filed a proof of service of the summons and complaint on Experian, stating that Experian's agent was served personally on July 3, 2025—before this case was removed to federal court. Dkt. No. 5. However, because the proof of service did not include the Notice of Assignment, the Court could not determine if Experian consented to proceed with the Magistrate Judge. The proof of service also did not reflect that the Notice of Removal was served. The Court set forth these issues in a minute order and on September 10, 2025, ordered Plaintiff to file an amended proof of service of the Notice of Assignment and Notice of Removal on Experian by no later than September 19, 2025. Dkt. No. 7.

On September 18, 2025, Plaintiff filed a Proof of Service of Notice of Removal which reflects that on September 16, 2025, the Notice of Removal [Dkt. No. 1] and Notice of Assignment [Dkt. No. 4] were emailed to "Hillary Green Experian, Inc." at "hillary.green@experian.com". Dkt. No. 8.

On September 30, 2025, the Clerk of Court entered a text only entry stating that the period to decline consent expired, and this case would proceed before a Magistrate Judge for all purposes. Dkt. No. 9.

Plaintiff has settled with Affirm. Dkt. No. 6.

Rule 81 of the Federal Rules of Civil Procedure states that in removed actions,

> [a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-CV-07169-PD                                  Date: October 9, 2025

Title      *Marie Gutierrez v. Affirm, Inc., et al.*

(A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;

(B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

(C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2).

Since Experian was served the summons and complaint on July 3, 2025, *see* Dkt. No. 5, and the Notice of Removal was filed August 4, 2025, Experian's response to the complaint was due August 11, 2025.  *See* Fed. R. Civ. P. 81(c)(2)(C).

To date, Experian has not responded to the complaint.  Plaintiff has declined to further prosecute his action by filing a request for entry of default pursuant to Federal Rule of Civil Procedure 55(a) or notice of voluntary dismissal.  It is Plaintiff's responsibility to prosecute this action diligently by filing stipulations extending time to respond and seeking Rule 55 remedies promptly upon default of any defendant.

Plaintiff is therefore **ORDERED TO SHOW CAUSE by no later than October 31, 2025**, why this case should not be dismissed without prejudice for lack of prosecution.  *See* Fed. R. Civ. P. 41; *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (holding district courts have "inherent power sua sponte to dismiss a case for lack of prosecution.") (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-CV-07169-PD                                         Date: October 9, 2025

Title   *Marie Gutierrez v. Affirm, Inc., et al.*

     Plaintiff may discharge this Order by seeking entry of default or filing a notice of voluntary dismissal.  Failure to timely respond to this Order may result in involuntary dismissal of this action for failure to prosecute and/or for failure to obey a court order.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.